IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert D. Brooks, #216605, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Padulah, Warden of Lee C.I., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 6:09-0992-MBS-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

This matter is before the court on the plaintiff's motion for a temporary restraining order (doc. 94). In his complaint, the plaintiff alleges a litany of claims, including that the defendants, all employees of the South Carolina Department of Corrections ("SCDC"), violated his constitutional rights by improperly seizing his personal property. He further contends that he has been deprived of his legal mail at Lee Correctional Institution, his cell was not cleaned frequently enough, and that the defendants failed to timely respond to his grievances.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council. Inc.*, 129 S. Ct. 365, 374 (2008); *Real Truth About Obama, Inc. v. Federal Election Comn.*, No.

08-1977, 2009 WL 2408735, *4 (4th Cir. Aug. 5, 2009) (finding that "because of its differences with the *Winter* test, the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit"); *Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, *1 (D.S.C. August 18, 2009). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, * 1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.") (citations omitted).

The plaintiff states vaguely that since filing his complaint "the reprisal, harassment, retaliation &/or disciplinary actions has continued," and he asks that the defendants be required to stop these actions (pl. m. for TRO 1-2). The plaintiff has failed to make the required showing for issuance of a temporary restraining order.

Based upon the foregoing, it is recommended the plaintiff's motion (doc. 94) be denied.

s/William M. Catoe<br>
United States Magistrate Judge

November 12, 2009

Greenville, South Carolina